**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERU ANDY PARDEDE, | No. 07-74023 |
| Petitioner, | Agency No. A097-206-443 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:  CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Heru Andy Pardede, a native and citizen of Indonesia, petitions for review of

a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we grant the petition for review.

Substantial evidence supports the agency's finding that the harm Pardede experienced during the student protests and the burning of his church did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339-340 (9th Cir. 1995).

In analyzing Pardede's withholding of removal claim, the agency declined to apply the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Intervening case law holds the disfavored group analysis applies to withholding of removal. *See Wakkary*, 558 F.3d at 1062-65; *Tampubolon v. Holder*, 598 F.3d 521, 525-27 (9th Cir. 2010) ("any reasonable factfinder would be compelled to conclude on this record that Christian Indonesians are a disfavored group"). Accordingly, we remand to the BIA to consider whether Rusli is entitled to withholding of removal under *Sael* and *Wakkary*. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In addition, in assessing withholding of removal, the BIA should consider Pardede's pattern or practice of persecution and his social group claims. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("the BIA [is] not free to ignore arguments raised by a petitioner.").

07-74023

**PETITION FOR REVIEW GRANTED; REMANDED.**